IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | CIVIL ACTION |
|---|---|---|
| ESTATE OF CLIFFORD C. HALL, | : | |
| | : | |
| Plaintiff, | : | NO. 09-3522 |
| | : | |
| v. | : | |
| | : | |
| MARY TERESA HALL, | : | |
| | : | |
| Defendant. | : | |

**OPINION**

Slomsky, J.                                                                                                                      September 3, 2009

## I.    INTRODUCTION

Before the Court is Plaintiff's Motion to Remand this case to the Family Division of the Bucks Country Court of Common Pleas (Doc. No. 4) and Defendant's Response in Opposition to the Motion to Remand (Doc. No. 6). Because this Court finds that there is no outstanding dispute involving the Employee Retirement Income Security Act of 1974 ("ERISA"), which is the only federal statute on which this Court's jurisdiction is allegedly based, the Court will grant Plaintiff's Motion to Remand.

## II.    FACTUAL BACKGROUND

The Estate of decedent Clifford C. Hall brings this action against Clifford Hall's former wife, Mary Teresa Hall, to recover benefits from Clifford Hall's Novo Nordisk 401(k) (the "401(k)") that were distributed to Mary Hall upon Clifford Hall's death. The parties were divorced on April 30, 2008. The divorce decree incorporated the parties' Marital Settlement Agreement ("MSA"), which was entered into on April 15, 2008. (Notice of Removal, Exh. A at

1

1).  The MSA provided that the value of the 401(k) on the date of separation, June 22, 2007, which was approximately $194, 388, was to be divided equally between the parties.  (Id.; Mot. to Remand at 2.)  The beneficiary of the 401(k) was to be changed through entry of a qualified domestic relations order ("QDRO").  The QDRO was never filed, and Clifford Hall did not change the beneficiary designation of the 401(k) before his death on September 7, 2008.  (Notice of Removal, Exh. A at 2, 3.)  Charles Schwab, the custodian of the funds in the 401(k), distributed the entire value of the 401(k) on February 10, 2009 to Mary Hall, because she was the designated beneficiary of the 401(k).

On June 19, 2009, Clifford Hall's Estate filed a Petition for Contempt and Special Relief against Mary Hall in the Family Division of the Bucks County Court of Common Pleas.  Mary Hall was served with the Petition on July 8, 2009, and timely removed the action to this Court on August 3, 2009.  On August 6, 2009, the Court approved a stipulation, agreed to by the parties, which directed that Mary Hall shall not transfer, dispose of, alienate, or remove the funds distributed to her as the named beneficiary of the 401(k), except as provided in that stipulation.  On August 14, 2009, the Estate filed a Motion to Remand this case back to the Family Division of the Bucks County Court of Common Pleas, arguing that there is no federal issue to be decided in this case, and that there is no federal jurisdiction.  Defendant opposed the Motion to Remand on August 28, 2009, and the Motion is now ripe for decision by the Court.

**III.     LEGAL STANDARD**

There is a strong presumption against removal from state to federal court, and removal statutes are to be construed strictly.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217-18 (3d Cir. 1999) (citing Nelson v. Keefer, 451 F.2d 289, 293-95 (3d Cir. 1971) (federal

judiciary has been "too timid" in eliminating the "plethora of cases which do not belong in federal courts")). In a removal action based on a federal question, the existence of jurisdiction is determined by reviewing the "well-pleaded" complaint to determine whether state or federal claims are set forth. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983); Westmoreland Hosp. Ass'n v. Blue Cross, 605 F.2d 199, 123 (3d Cir. 1979).

**IV.   DISCUSSION**

In its Notice of Removal, Defendant asserts that the Pennsylvania statute that Plaintiff relies upon in its Petition is preempted by ERISA, and therefore this case presents a federal question and is properly subject to federal jurisdiction. (Notice of Removal at 2.) In its Motion to Remand, Plaintiff argues that there is no federal question that would grant jurisdiction to a federal court in this case, because the funds in the 401(k) have already been distributed by the ERISA plan administrator, and are within the control of Defendant. Plaintiff argues that it is Defendant's obligation under the terms of the MSA to return to the Estate that portion of the 401(k)'s proceeds to which Defendant is not legally entitled.

The Court finds that Plaintiff's argument has merit. Because the proceeds of the 401(k) have already been distributed by the plan administrator to Mary Hall, Plaintiff's claims are properly against the Defendant ex-wife and not the ERISA plan administrator. Accordingly, Plaintiff's suit against Defendant is proper, and Pennsylvania state court is the only forum in which to litigate this dispute. For these reasons, the Court will grant the Motion to Remand.

Plaintiff's Petition states, in pertinent part, as follows:

7. The parties' [MSA] provided, inter alia, that the value of Decedent's Novo Nordisk 401(k), as of the date of separation, June 22, 2007, was to be divided equally between them.

16. As evidenced by the MSA, the Decedent did not intend for [Defendant] to receive any more from his Novo Nordisk 401(k) Savings Plan other than the amount provided in the agreement.

19. [Defendant] Refuses to agree that she is entitled only to that portion of the 401(k) savings plan [specified in the MSA].

21. Pursuant to §3502(e) of the Divorce Code, if a party has failed to comply with the terms of an agreement as entered into between the parties, after hearing, the Court may effectuate compliance . . . . 23 Pa. §3502(e)(1)-(9)

22. Pursuant to §3323(f), the [Bucks County Court of Common Pleas] has full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties and may grant such other relief or remedy as equity and justice require.

(Petition at 2-4.) These well-pleaded allegations set forth a state law claim that is neither preempted by ERISA, nor subject to federal jurisdiction.

Defendant cites Estate of Kennedy v. Plan Administrator for DuPont, 129 S.Ct. 865 (2009) in support of her position that the beneficiary designation of the 401(k) at the time of Clifford Hall's death controls the distribution of the funds, and therefore Defendant is entitled to the entire proceeds from the 401(k). Defendant's reliance on Kennedy is misplaced. In Kennedy, the plaintiff estate sued the ERISA plan administrator for wrongfully distributing the proceeds to the decedent's ex-wife, despite the fact that the ex-wife was still the named beneficiary. The United States Supreme Court held that "the plan administrator did its statutory ERISA duty by paying the benefits to [decedent's ex-wife] in conformity with the plan documents." Id. at 875. In this case, the Plaintiff Estate is suing the decedent's ex-wife, who is in possession of the funds, and not the plan administrator, as the plaintiff did in Kennedy. In a footnote, the Supreme Court noted that it did not "express any view as to whether the Estate

4

could have brought an action in state or federal court against [decedent's ex-wife] to obtain the benefits after they were distributed." Id. at 875 n.10.

The situation here is exactly the situation on which the Supreme Court expressed no opinion in Kennedy. In this case, the benefits of the 401(k) have already been distributed to the named beneficiary, Defendant. The plan administrator is not a party to this action, nor does Plaintiff allege that it was improper for the plan administrator to distribute the proceeds of the 401(k) to Defendant. Plaintiff's claim is that because the proceeds have been distributed, Defendant is only entitled to retain the amount that she agreed to receive in the parties' MSA, and the remainder must be turned over to the Estate. This claim does not raise any federal issues, but merely involves a contract dispute between the parties. This dispute is more appropriately a matter to be decided in state court, specifically, the Family Division of the Court of Common Pleas of Bucks County.

A recent Pennsylvania Superior Court case, In re: Estate of Sauthers, 971 A.2d 1265 (Pa. Super. Ct. 2009), is relevant to the instant dispute, and supports Plaintiff's position. The court in In re: Estate of Sauthers was faced with determining if 20 Pa.C.S.A. §6111.2 is preempted by ERISA. 971 A.2d at 1268. Section 6111.2 states as follows:

> If a person domiciled in this Commonwealth at the time of his death is divorced from the bonds of matrimony after designating his spouse as beneficiary of a life insurance policy, annuity contract, pension or profit-sharing plan or other contractual arrangement providing for payments to his spouse, any designation in favor of his former spouse which was revocable by him after the divorce shall become ineffective for all purposes and shall be construed as if such former spouse had predeceased him unless it appears from the wording of the designation, a court order or a written contract between the person and such former spouse that the designation was intended to survive the divorce. Unless restrained by court order, no insurance company, pension or profit-sharing plan trustee or other obligor shall be liable for making payments to a former spouse

> which would have been proper in the absence of this section. Any former spouse to whom payment is made shall be answerable to anyone prejudiced by the payment.

20 Pa.C.S.A. §6111.2.  In deciding that Section 6111.2 is not preempted by ERISA, the court noted that the language of Section 6111.2 ensures that the statute has no effect on plan administrators, who are entitled to distribute funds according to plan documents.  In re: Estate of Sauthers 971 A.2d at 1270.  Once the funds are distributed, the named beneficiary "shall be answerable to anyone prejudiced by the payment."  20 Pa.C.S.A. §6111.2.

Section 6111.2 covers the precise situation presently before the Court.  The plan administrator distributed the proceeds of the 401(k) to Defendant.  Under Section 6111.2, no action may be brought against the plan administrator for that action.  Rather, because Defendant is in possession of the funds, she is answerable to the Estate, which has been prejudiced by the distribution.  Whether Defendant must return a portion of the proceeds of the 401(k) to the Estate is a matter of interpretation of the MSA and Pennsylvania state law and the appropriate forum to decide these issues is state court.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand will be granted, and this case remanded to the Family Division of the Bucks County Court of Common Pleas.  An appropriate Order follows.